IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | |
|---|---|
| KELLY WAYNE HANCE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> FARRAR FUNERAL HOMES ) <br> CORPORATION, ) <br> ) <br> Defendant. ) | Case No. 2:19-cv-00061 <br> Jury Demanded |

**COMPLAINT**

Plaintiff, Kelly Wayne Hance, for his Complaint against Defendant, Farrar Funeral Homes Corporation, avers as follows:

Nature of Action

1. This is a civil action seeking injunctive and monetary relief for injuries suffered and sustained by Plaintiff as a result of unlawful discrimination and retaliation in violation of the Uniformed Services Employment and Reemployment Rights Act of 1994, as amended (USERRA), 38 U.S.C. §§ 4301, *et seq.*

Jurisdiction and Venue

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1334.

3. Plaintiff has exhausted all administrative remedies and conditions precedent to the filing of this action.

4. Venue is proper in this Court under 28 U.S.C. § 1391(b) and 38 U.S.C. § 4323(b)(2), because the events and omissions giving rise to this action occurred in this judicial district, and because Defendant maintains a place of business in this judicial district.

## Parties

5. Plaintiff has been a member of the Tennessee Army National Guard since 1996, and currently serves as a Non-Commissioned Officer with the Army National Guard. Plaintiff is an employee and a uniform service member within the meaning and protection of USERRA.

6. Defendant, Farrar Funeral Homes Corporation, is a Tennessee corporation headquartered in Dandridge, Tennessee. Defendant is an employer within the meaning of and subject to USERRA.

## Facts

7. Plaintiff began working for Defendant in 2005. From February 2005 until his termination on April 20, 2018, Plaintiff held the positions of Funeral Director and Embalmer Apprentice and Funeral Director Assistant.

8. Since becoming employed by Defendant, Plaintiff has performed his military service obligations and has been called to active duty on multiple occasions. At all relevant times, Plaintiff's military obligations consisted of attending monthly military unit training assemblies, annual training, and performance of military funeral honors.

9. At the beginning of his employment with Defendant, Plaintiff was paid on an hourly basis for hours worked. Soon thereafter, Defendant offered Plaintiff a rent-free housing accommodation on the premises, which consisted of a small two-bedroom apartment. Plaintiff accepted Defendant's housing arrangement and shortly thereafter relocated to Defendant's premises.

10. At all relevant times, Plaintiff job duties included assisting with funerals, death call removals, transporting floral arrangements, washing vehicles, and assisting with embalming. Although Plaintiff often worked during the daytime, residing on the premises, Defendant

required Plaintiff to be on-call at night from generally 5:00 p.m. to 7:00 a.m. the next day.

11. In April 2015, Plaintiff received active duty orders with the Tennessee Army National Guard's Military Funeral Honors Program, and Plaintiff has fulfilled these service obligations since that time. Military funeral honors usually occur during the daytime and thus did not, unless travel was involved, interfere with Plaintiff's on-call duties with Defendant at night. Whenever Plaintiff was required to miss work, however, he would give timely and appropriate notice to Defendant. All such leaves of absence were protected by USERRA, *see, e.g.*, 38 U.S.C. § 4316(e)(1).

12. On January 27, 2018, while Plaintiff was preparing to leave for funeral honor duties, Dennis Alder, who serves as a manager and Funeral Director for Defendant, stated, "I do not know why Jack [referring to the owner, Jack Farrar] keeps you on payroll because you are never here!"

13. Mr. Alder was not the only member of Defendant's management to express disdain for Plaintiff's military service obligations. In February 2018, for example, while returning from military duties, Plaintiff received a call from Ward "Jack" Farrar, Defendant's President and owner. Mr. Farrar was apparently frustrated that Plaintiff was unable to handle a death call for the funeral home and stated: "You need to make up your mind if you are going to work for the military or work for the funeral home."

14. Around the same timeframe, Plaintiff learned about his upcoming mobilization and deployment to Ft. Irwin California for a four-week annual training rotation with the Tennessee Army National Guard that was to convene in late-April 2018. The dates for the rotation had yet to be confirmed, but Plaintiff notified Britt Farrar (a co-owner of Defendant) in advance. While discussing the upcoming rotation, Mr. Farrar told Plaintiff: "I think the government should pay

3

us, the employer, for as much as you are called away. Also, even though we have always paid you while you are gone on leave we don't have to."

15. On or about April 11, 2018, Hance submitted his active duty annual training orders to Defendant's management along with his drill schedule and a deployment warning memorandum from Colonel Jimmie L. Cole. Defendant's management, specifically Britt Farrar, acknowledged receipt of same.

16. On April 20, 2018, Hance arrived home and discovered a sealed envelope on the stairs. The envelope stated, "CONFIDENTIAL" with Plaintiff's name written on it. It contained a Tennessee Separation Notice notifying Plaintiff of his termination. Defendant's stated reason for discharge was "The company is restructuring its job descriptions and either combining or eliminating positions for obtaining the most advantageous level of efficiency and competitiveness. This separation is permanent." The reason for Plaintiff's termination was not a "restructuring," which was pretextual. The real reason for Plaintiff's termination was his uniformed service.

## Causes of Action

17. Plaintiff incorporates by reference the allegations contained in Paragraphs 1–16 as if set forth fully herein.

18. At all relevant times, Plaintiff was a member of, performed services in, and had an obligation to perform services in a uniformed service protected by USERRA.

19. Defendant discharged Plaintiff from his employment because of Plaintiff's membership in and obligation to serve in a uniformed service, thus violating USERRA.

20. Additionally, Plaintiff engaged in good faith in an activity protected by USERRA, and Defendant discharged Plaintiff in retaliation for engaging in said protected activity, thus further

violating USERRA.

21. As a direct and proximate result of Defendant's unlawful discrimination and retaliation, Plaintiff has suffered lost wages and benefits, for which Defendant is now legally liable.

22. Plaintiff is entitled to liquidated damages under USERRA.

23. Plaintiff is entitled to recover reasonable attorney's fees and costs in bringing this action.

Prayer for Relief

WHEREFORE, Plaintiff, Kelly Wayne Hance, respectfully prays for relief as follows:

1. That process issue and Defendant be required to answer this Complaint within the time prescribed by the Federal Rules of Civil Procedure.

2. That Plaintiff be awarded damages in the amount of wages, salary, employment benefits and other compensation, including, but not limited to back pay and front pay (or reinstatement), plus an equal amount of liquidated damages and/or prejudgment interest;

3. That Plaintiff be awarded reasonable attorneys' fees and costs in an amount to be determined by the Court;

4. That Plaintiff be awarded such other legal and equitable relief to which she may be entitled; and

5. Plaintiff further demands a Jury to try this cause.

Respectfully submitted,

/s/Richard E. Collins
Richard E. Collins (TN Bar # 024368)

STANLEY, KURTZ & COLLINS, PLLC
422 S. Gay St., Suite 301
Knoxville, TN 37902
(865) 522-9942
(865) 522-9945 fax
richard@knoxvilleattorney.com